UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HAMMOND POWER SOLUTIONS INC

              Plaintiff,

v.                                                                                                       Case No. 22-cv-965-bhl

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH PA and
ILLINOIS NATIONAL INSURANCE CO

              Defendant.

---

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

---

      Plaintiff Hammond Power Solutions, Inc. (Hammond) and its insurers, Defendants National Union Fire Insurance Company of Pittsburgh PA (National Union) and Illinois National Insurance Co. (Illinois National) dispute whether the commercial general liability insurance policies that National Union and Illinois National issued Hammond from 2017 through 2022 provide coverage for a lawsuit in which Hammond faces claims for allegedly exposing two individuals to electromagnetic radiation. Hammond seeks a declaratory judgment confirming coverage and asserts claims for breach of the duty to defend and bad faith. All parties have moved for summary judgment, in full or part. Because the plain terms of the policies unambiguously exclude coverage for liabilities arising from radiation exposure, Defendants' motion will be granted, Hammond's denied, and this case dismissed.

## BACKGROUND[1]

      Plaintiff Hammond is a Wisconsin corporation with its principal place of business in Ontario, Canada. (ECF No. 25 ¶1.) Hammond manufactures, distributes, and sells electric transformers. (ECF No. 49 ¶¶3, 8.) Defendants National Union and Illinois National are licensed insurance companies that are subsidiaries of AIG Property Casualty, U.S., Inc. (ECF No. 25 ¶¶2–4.) National Union is incorporated in Pennsylvania and has its principal place of business in New

---

[1] The facts are derived from the parties' proposed findings of fact and responses, as well as the operative complaint. (ECF Nos. 25, 33, 49, 54.)

York. (*Id.* ¶2.) Illinois National is incorporated and has its principal place of business in Illinois. (*Id.* ¶3.)

Starting in 2015 and continuing through 2022, National Union or Illinois National provided commercial general liability insurance to Hammond. For the first year of this period, National Union issued Hammond a commercial general liability policy bearing Policy No. GL 263-82-74, effective November 1, 2015 to November 1, 2016. (ECF No. 54 ¶11.) The policy included Endorsement No. 62898, entitled "Radioactive Matter Exclusion." (*Id.* ¶12.) The following year, National Union issued Hammond a commercial general liability policy bearing Policy No. GL 199-06-44, effective November 1, 2016 to November 1, 2017. (*Id.* ¶13.) This policy included the same Radioactive Matter Exclusion. (*Id.* ¶14.) For the next five consecutive annual periods (from November 1, 2017 to November 1, 2022) National Union and Illinois National continued to issue commercial general liability insurance policies to Hammond. (ECF No. 49 ¶1.) All policies during this time bore Policy No. GL 192-99-47 and offered substantially similar terms, including endorsements with the Radioactive Matter Exclusion. (*Id.* ¶2; *see also* ECF Nos. 33-1–6.)

All the policies at issue offer coverage for damages due to "bodily injury" or "property damage" and acknowledge the insurer's "right and duty to defend [Hammond] in any 'suit' seeking those damages" resulting from an "occurrence." (ECF No. 49 ¶¶4, 6.) The policies define "bodily injury" as "bodily injury, sickness or disease sustained by a person." (*Id.* ¶5.) An "occurrence" is "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*Id.* ¶7.)

Each policy also contains an endorsement titled "Radioactive Matter Exclusion." (ECF No. 54 ¶1.) Just below the title, the endorsement states, in bold capital letters, "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY." (*Id.*; *see e.g.*, ECF No. 33-2 at 16.) The endorsement then explains that it modifies the policy's bodily injury and property damage liability coverage to exclude: "'Bodily injury' or 'property damage' arising out of the actual, alleged, or threatened exposure of person(s) or property to any radioactive matter or any form of radiation." (ECF No. 33-2 at 16; ECF No. 49 ¶15.)

On March 11, 2022, Dragan Micic and Lidjia Bubjana filed a negligence action against Hammond in New York state court seeking damages for injuries allegedly caused by Hammond's electronic transformers. (ECF No. 49 ¶10; ECF No. 54 ¶2.) The complaint alleges that the transformers were installed directly adjacent to their apartment's bedroom and "emitted dangerous

levels of electromagnetic radiation." (ECF No. 54 ¶¶3–4; ECF No. 25-1 ¶1.) More specifically, the complaint asserts that Hammond's transformers exposed Micic and Bubjana to "EMF radiation," causing cancer in Micic. (*Id.* ¶¶5–6; ECF No. 25-3 ¶21.) They allege the radiation also caused Bubanjia to experience headaches, fatigue, anxiety, and insomnia. (ECF No. 54 ¶6.)

After being sued, Hammond timely submitted a claim to its liability insurers, asking them to defend and indemnify it for the claims raised by Micic and Bubjana. (ECF 49 ¶13.) National Union and Illinois National denied coverage, citing the Radioactive Matter Exclusion. (*Id.* ¶14.) On May 26, 2022, Hammond asked the insurers to reconsider the denial, but they declined. (*Id.* ¶¶20–21.) This suit followed.

## LEGAL STANDARD

Summary judgment is appropriate if the record shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must determine whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. *Id.* at 248; *Contreras v. City of Chicago*, 119 F.3d 1286, 1291–92 (7th Cir. 1997). A dispute over a material fact is "genuine" only if a reasonable trier of fact could find in favor of the nonmoving party on the evidence presented. *Liberty Lobby*, 477 U.S. at 248.

The moving party bears the initial burden of proving the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If the parties assert different views of the facts, the Court must view the record in the light most favorable to the nonmoving party. *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). "Although we construe all facts and make all reasonable inferences in the nonmoving party's favor, the moving party may succeed by showing an absence of evidence to support the non-moving party's claims." *Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021) (quoting *Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020)).

## ANALYSIS

National Union and Illinois National seek summary judgment on all three counts of Hammond's third amended complaint. They contend that the Radioactive Matter Exclusion expressly bars coverage for the claims made by Micic and Bubjana, defeating all of Hammond's

claims matter of law. (ECF No. 34 at 4–13.) Hammond opposes the insurers' motion and seeks partial summary judgment in its favor, insisting it is entitled to both a declaratory judgment on coverage and a ruling that National Union and Illinois National breached their duties to defend. (ECF No. 46 at 1.) Because the insurers' position is consistent with the plain language of the endorsement and the policies cannot reasonably be read as Hammond suggests, National Union and Illinois National are entitled to summary judgment. For the same reasons, Hammond's motion for partial summary judgment must be denied.

I. **Hammond's Declaratory Judgment Request Is Defeated by the Plain Terms of the Radioactive Matter Exclusion.**

Insurance policies are a species of contract, and, under Wisconsin law, must be interpreted using basic contract principles. *Kemper Indep. Ins. Co. v. Islami*, 959 N.W.2d 912, 917 (Wis. 2021). Like other contracts, insurance policies are construed to effectuate the parties' intentions, as expressed in the policy language. *Folkman v. Quamme*, 665 N.W.2d 857, 864 (Wis. 2003) (citing *Danbeck v. Am. Fam. Mut. Ins. Co.*, 629 N.W. 150, 153 (Wis. 2001)). The first step in resolving a dispute over insurance coverage is to determine whether an ambiguity exists with respect to the coverage language at issue. *Id.* (citing *Badger Mut. Ins. Co. v. Schmitz*, 647 N.W.2d 223, 234 (Wis. 2002)). If there is no ambiguity, the policy language must be enforced as written. *Id.* Words used in an insurance policy should be "given their common and ordinary meaning." *J.G. v. Wangard*, 753 N.W.2d 475, 482 (Wis. 2008) (quoting *Danbeck*, 629 N.W.2d at 153). More specifically, policy terms are construed as they "would be understood by a reasonable person in the position of the insured." *Est. of Sustache v. Am. Fam. Mut. Ins. Co.*, 751 N.W.2d 845, 850 (Wis. 2008) (quoting *Am. Fam. Mut. Ins. Co. v. Am. Girl, Inc.*, 673 N.W.2d 65, 73 (Wis. 2004)). In doing so, courts must be careful not to construe a policy to cover risks the insurer did not contemplate and for which it did not receive compensation in the form of premiums. *Id.*

National Union and Illinois National argue that Hammond's request for coverage is barred by the Radioactive Material Exclusion. They point to the allegations in the underlying complaint filed by Micic and Bubjania asserting that both sustained bodily injuries arising out of dangerous levels of electromagnetic (EMF) radiation emitted from Hammond's transformer. (ECF No. 34 at 5–6.) The insurers further contend that it is undisputed that EMF radiation is "a form of radiation" and thus the underlying claims fall directly within the policy exclusion, which bars coverage for bodily injuries arising from exposure to "radioactive matter or *any form of radiation*." (*Id.* at 7–10.)

Hammond does not dispute the insurers' view of the underlying claims. It also concedes that EMF radiation is a form of radiation. (*See* ECF No. 51 at 4, 7; ECF No. 52 ¶5.) Hammond's coverage argument, and indeed all of its claims in this lawsuit, are based on the premise that the Radioactive Material Exclusion cannot reasonably be read to bar coverage for the underlying lawsuit. (ECF No. 46 at 11–13.) Hammond implores the Court to interpret the exclusion as only negating coverage "for radiation emitted from *radioactive matter*, not EMF radiation from transformers." (*Id.* at 5.) (emphasis added.) In the alternative, Hammond insists that Defendants' interpretation, even if reasonable, raises an ambiguity that must be resolved in favor of coverage. (*Id.* at 13–17.)

Hammond's arguments ignore the plain terms of the policy language and improperly ask the Court to rewrite the exclusion in Hammond's favor. By its basic terms, the endorsement directly excludes from coverage bodily injuries "arising out of the actual, alleged, or threatened exposure of person(s) or property to any radioactive matter or any form of radiation." (*See* ECF No. 33-2 at 16; ECF No. 49 ¶15.) Hammond asks the Court to read only a portion of this language and to excise the final five words: "or any form of radiation." But it is not this Court's role to edit the parties' agreed-upon policy language, which has been in place for nearly a decade. As a sophisticated buyer of commercial insurance, Hammond is expected to have read the terms of the insurance policy it purchased. If it wanted different coverage or objected to the exclusion as written, it should have negotiated for changes or obtained insurance from a different insurer. No reasonable insured in Hammond's position would expect a policy that excludes coverage for bodily injuries arising from exposure to "any form of radiation" to provide coverage for bodily injuries arising from exposure to EMF radiation, which Hammond admits is a form of radiation. There is simply no ambiguity, notwithstanding Hammond's urgings to the contrary. *See Crescent Plaza Hotel Owner, L.P. v. Zurich Am. Ins. Co.*, 20 F.4th 303, 308 (7th Cir. 2021) ("[D]isagreement between the parties as to meaning does not itself make the policy ambiguous, and the court 'will not strain to find an ambiguity where none exists.'") (quoting *Founders Ins. Co. v. Munoz*, 930 N.E.2d 999, 1004 (Ill. 2010)).

Hammond's complaint that the exclusion is "buried" in the policy falls on deaf ears. (*See* ECF No. 46 at 5.) Hammond is a large commercial enterprise and is expected to read the contents of its contractual arrangements. *Deminsky v. Arlington Plastics Mach.*, 657 N.W.2d 411, 423 (Wis. 2003) ("Failure to read a contract, particularly in a commercial contract setting, is not an

excuse that relieves a person from the obligations of the contract."). And while policy terms may become ambiguous in the context of an insurance policy as a whole, *Frost ex rel. Anderson v. Whitbeck*, 654 N.W.2d 225, 230 (Wis. 2002), that is not the case here. The policy clearly labels the exclusion as "Radioactive Matter Exclusion." (ECF No. 25 ¶7; ECF No. 33-2 at 16.) It states that the exclusion changes the policy and implores the reader to please read carefully. (ECF No. 33-2 at 16.) Then, in a few lines of clear text, the policy states that the insurers will not cover bodily injuries that arise from the exposure of persons to "any form of radiation." (*Id.*) Nothing in the policy can be reasonably read to obscure this plainly wording. *See Taylor v. Greatway Ins. Co.*, 628 N.W.2d 916, 926 (Wis. 2001) (concluding policy definition unambiguous in context of entire policy, because "nothing in the rest of [the] policy [] obscures the unambiguous definition").

Hammond relies on several canons of construction to argue that even if Defendants' interpretation of the contract were reasonable, "the resulting ambiguity" in the policy must be resolved in Hammond's favor. (ECF No. 46 at 13–17.) Hammond cites *contra proferentem* and *ejusdem generis*, insisting that ambiguities in insurance policies must be resolved in favor of coverage and that general terms should be construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words. (*Id.* at 14–15.) But these Latin phrases are not magical incantations. They do not transform plain and unambiguous policy language, like that used in the exclusion at issue, into words that create coverage where none exists. The policies are not ambiguous and there is no ambiguity that can be resolved in Hammond's favor, thus *contra preferentem* is inapplicable. *Ejusdem generis* is even less applicable. This canon applies where statutes or contracts include non-exclusive lists followed by phrases adding "other persons or things." *See Citizens Ins. Co. of Am. v. Wynndalco Enters.*, 70 F.4th 987, 999–1000 (7th Cir. 2023) (collecting cases). The policy language at issue here explicitly does something different; after excluding coverage for liabilities arising from exposure to radioactive matter, it expressly broadens the scope of the exclusion to encompass exposures to "*any* form of radiation." (*See* ECF No. 33-2 at 16 (emphasis added).)

In sum, Hammond is a sophisticated entity that contracted for a policy with an unambiguous endorsement that excludes coverage for the underlying lawsuit in which Hammond is now a defendant. It purchased the same coverage year after year, with each renewal including the same exclusion. If it wished coverage for liabilities arising from alleged exposures to EMF radiation it should have purchased different coverage or not agreed to the endorsement. Because

the policy clearly and explicitly excludes coverage for bodily injury arising from EMF radiation, National Union and Illinois National have no duty to indemnify Hammond, and Hammond's declaratory judgment claim fails.

## II. Defendants Do Not Have a Duty to Defend Hammond.

"The duty to defend arises when . . . an insured who is served with a complaint alleging a covered claim tenders the defense to its insurer." *Choinsky v. Employers Ins. Co. of Wausau*, 938 N.W.2d 548, 554 (Wis. 2020) (citing *Sustache*, 751 N.W.2d at 852). In determining whether an insurer has a duty to defend a claim against its policyholder, courts use the "four corners" rule. *Water Well Sols. Serv. Grp. Inc. v. Consol. Ins. Co.*, 881 N.W.2d 285, 291 (Wis. 2016)). Under this rule, a court must compare the words in the underlying complaint to the language of the insurance policy. *Choinsky*, 938 N.W.2d at 554 (citing *Water Well*, 881 N.W.2d at 291). The duty to defend is broader than the duty to indemnify, however. *Water Well*, 881 N.W.2d at 292. Even if the underlying claim is ultimately determined to fall outside the coverage of a policy, the insurer has a duty to defend as long as coverage is arguable based on the allegations in the underlying complaint. *Sustache*, 751 N.W.2d at 851. (citing *Fireman's Fund Ins. Co. of Wis. v. Bradley Corp.*, 660 N.W.2d 666, 673–74 (Wis. 2003)).

National Union and Illinois National argue that they have no duty to defend Hammond because the allegations made by Micic and Bubjania in the four corners of the underlying complaint fit squarely within the Radioactive Matter Exclusion. (ECF No. 34 at 4.) In opposition, Hammond relies upon general assertions that any doubt about the duty to defend must resolve in its favor and (notwithstanding its plain terms) the policy "was not intended to negate coverage" for EMF radiation claims. (ECF No. 46 at 11.) As discussed in the prior section, the policy language is clear that liabilities arising from EMF radiation are excluded. Hammond's policy arguments and platitudes do not change the plain language of the exclusion or its unambiguous application to the underlying lawsuit. National Union and Illinois National have not breached the duty to defend or the duty to indemnify.

## III. Hammond's Bad Faith Claim Also Fails as a Matter of Law.

Wisconsin law recognizes the implied contractual duty of good faith and fair dealing. *Mkt. St. Assocs. Ltd. P'ship v. Frey*, 941 F.2d 588, 593–94 (7th Cir. 1991). In the insurance context, this duty includes a duty that an insurer not to deny an insured's claim in bad faith. *Danner v. Auto-Owners Ins.*, 629 N.W.2d 159, 173 (Wis. 2001). To prevail on a claim for bad faith, an

insured must establish that its insurer had no reasonable basis for denying the claim. *Baires v. State Farm Mut. Auto. Ins. Co.*, 231 F. Supp. 3d 299, 308 (E.D. Wis. 2017) (citing *Anderson v. Cont'l Ins. Co.*, 271 N.W.2d 368, 374 (Wis. 1978)); *Danner*, 629 N.W.2d at 173.

National Union and Illinois National argue that because they did not breach their obligations under the insurance policy, there is no breach of contract, and thus there can be no claim for bad faith. (ECF No. 34 at 11.) They also maintain that a bad faith claim against an insurer must contain proof of an absence of a reasonable basis for denying insurance policy benefits, and here, their interpretation of the exclusion is reasonable. (*Id.* at 12.)

Perhaps recognizing the futility of this claim, Hammond does not even address these arguments or this claim in its summary judgment briefing. (*See* ECF Nos. 46, 51, 53.) This failure is sufficient to grant summary judgment against Hammond. *See Palmer v. Marion County*, 327 F.3d 588, 597–98 (7th Cir. 2003) ("[B]ecause [Plaintiff] failed to delineate his [] claim in his district court brief in opposition to summary judgment or in his brief to this Court, his [] claim is deemed abandoned."). But the claim also fails on the merits. As the Court has already explained, the policy language precludes coverage for bodily injuries arising from exposure to EMF radiation. Thus, the insurers' denial of coverage was reasonable as a matter of law, and Hammond's bad faith claim fails. *See Danner*, 629 N.W.2d at 173. The Court will therefore grant summary judgment in favor of National Union and Illinois National on all claims.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment, ECF No. 34, is **GRANTED**. Hammond's motion for partial summary judgment, ECF No. 45, is **DENIED**. Hammond's Third Amended Complaint, ECF No. 25, is dismissed. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on March 22, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge